UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ADLIFE MARKETING & COMMUNICATIONS COMPANY, INC.<br><br>　　　　　　　　　　Plaintiff,<br><br>　- against -<br><br>TWIN CITIES FOOD CENTER, INC.<br><br>　　　　　　　　　　Defendant. | Docket No. 6:18-cv-6249<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Adlife Marketing & Communications Company, Inc. ("Adlife" or "Plaintiff") by and through its undersigned counsel, as and for its Complaint against Defendant Twin Cities Food Center, Inc. ("Twin" or "Defendant") hereby alleges as follows:

### NATURE OF THE ACTION

1.　　This is an action for copyright infringement under Section 501 of the Copyright Act. This action arises out of Defendants unauthorized reproduction and public display of one hundred and eleven (111) copyrighted photographs food products, owned and registered by Adlife, an advertising agency specializing in design, digital marketing, print advertising and photography. Accordingly, Adlife seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

### JURISDICTION AND VENUE

2.　　This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*., and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has personal jurisdiction over Defendants because Defendants resides in and/or are doing business in New York.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. Adlife is an advertising agency specializing in design, digital marketing, print advertising and photography having a usual place of business at 38 Church Street, Pawtucket, Rhode Island 02860.

6. Upon information and belief, Twin is a domestic business corporation duly organized and existing under the laws of the State of New York, with a principal place of business at 115 South Main Street, Manchester, New York 14504. Upon information and belief, Twin is registered with the New York Department of State, Division of Corporations to do business in the State of New York.

## STATEMENT OF FACTS

**A.    Background and Plaintiff's Ownership of the Photographs**

7. Adlife is copyright holder of one hundred and eleven food product photographs (the "Photographs"). A true and correct copy of the Photographs are attached hereto as Exhibits A-E.

8. Adlife has at all times been the sole owner of all right, title and interest in and to the Photographs, including the copyright thereto.

9. The Photographs were registered with the United States Copyright Office. See Exhibits A-E.

**B.    Defendant's Infringing Activities**

10. Upon information and belief, Twin copied the Photographs and placed it on approximately three hundred and forty- four (344) advertisements for their food products. The advertisements prominently featured the Photographs. A true and correct copy of the advertisements with the Photographs are attached hereto as Exhibits A-E.

11. Defendants did not license the Photographs from Plaintiff, nor did Defendants have Plaintiff's permission or consent to publish the Photographs on its Advertisements.

<u>**CLAIM FOR RELIEF**</u>
<u>**(COPYRIGHT INFRINGEMENT AGAINST DEFENDANTS)**</u>
**(17 U.S.C. §§ 106, 501)**

12. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-11 above.

13. Defendants infringed Plaintiff's copyright in the Photographs by distributing, reproducing and publicly displaying the Photographs on the Advertisements. Defendants are not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photographs.

14. The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

15. Upon information and belief, the foregoing acts of infringement by Defendants have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

16. As a direct and proximate cause of the infringement by the Defendant of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and Defendants profits pursuant to 17 U.S.C. § 504(b) for the infringement.

17. Alternatively, Plaintiff is entitled to statutory damages up to $150,000 per work infringed for Defendants willful infringement of the Photographs, pursuant to 17 U.S.C. § 504(c).

18. Plaintiff further is entitled to its attorney's fees and full costs pursuant to 17 U.S.C. § 505.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That Defendants be adjudged to have infringed upon Plaintiff's copyrights in the Photographs in violation of 17 U.S.C §§ 106 and 501;

2. Plaintiff be awarded either: a) Plaintiff's actual damages and Defendants profits, gains or advantages of any kind attributable to Defendants infringement of Plaintiff's Photographs; or b) alternatively, statutory damages of up to $150,000 per copyrighted work infringed pursuant to 17 U.S.C. § 504;

3. That Defendants be required to account for all profits, income, receipts, or other benefits derived by Defendants as a result of its unlawful conduct;

4. That Plaintiff be awarded its costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 505;

5. That Plaintiff be awarded pre-judgment interest; and

6. Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: Valley Stream, New York
       March 28, 2018

                                         LIEBOWITZ LAW FIRM, PLLC

By: /s/Richard Liebowitz
    Richard P. Liebowitz
11 Sunrise Plaza, Suite 305
Valley Stream, NY 11580
Tel: (516) 233-1660
RL@LiebowitzLawFirm.com

*Attorneys for Plaintiff Adlife*
*Marketing & Communications*
*Company, Inc.*